IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

KEVIN and SHERRIE LEGENDRE,   )   **Case No.:**
                              )
        Plaintiffs,           )   **COMPLAINT AND DEMAND FOR**
                              )   **JURY TRIAL**
     v.                       )
                              )   **(Unlawful Debt Collection Practices)**
REDLINE RECOVERY SERVICES,    )
LLC,                          )
                              )
                              )
        Defendant             )

# COMPLAINT

KEVIN and SHERRIE LEGENDRE ("Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against REDLINE RECOVERY SERVICES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of New Hampshire; therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.     Plaintiffs are natural people residing in Laconia, New Hampshire 03246.

6.     Plaintiff Kevin Legendre is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.     Plaintiff Sherrie Legendre is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     Defendant is a debt collection company with principal office located at 95 John Muir Drive, Suite 100, Amherst, New York 14228 and having another business location at 5959 Corporate Drive, Suite 1400, Houston, Texas 77036.

9.     Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in its attempts to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times herein, Defendant was attempting to collect a consumer debt and repeatedly contacted Plaintiffs in its attempts to collect that debt.

12. The alleged debt, a Sallie Mae student loan for their son, Tyler (hereinafter "the Account"), arose out of transactions which was primarily for personal, family, or household purposes. Plaintiff Kevin Legendre is a co-signor on the student loan.

13. The Account went into default with Sallie Mae. After the Account went into default, the Account was placed or otherwise transferred to Defendant for collection.

14. The Plaintiffs' son, Tyler, is twenty-eight (28) years old and does not receive mail or reside at the Plaintiffs' residence.

15. Beginning in April 2012, and continuing through July 2012, Defendant repeatedly and continuously contacted Plaintiffs on their cellular telephone in its attempts to collect the debt.

16. Defendant contacted Plaintiffs, on average, one (1) to two (2) times a day, causing Plaintiffs to receive more than ten (10) collection calls a week.

17. In addition, in those instances where Defendant was unable to speak with Plaintiffs, it would leave voicemail messages.

18. On one occasion, Plaintiff Sherrie Legendre answered Defendant's call. In its conversation with Plaintiff Sherrie Legendre, Defendant threatened that it "would take forcible recovery" if Plaintiff Kevin Legendre did not pay the alleged debt.

19. Defendant's representations to Plaintiff Sherrie Legendre about taking "forcible recovery" if the debt was not paid, had the effect of conveying to an unsophisticated consumer that an imminent lawsuit was to be filed against Plaintiff Kevin Legendre relative to the Account and/or that they were going to take physical action against him.

20. As of the date of this filing, Defendant has not filed a lawsuit against Plaintiff Kevin Legendre for the Account.

21. Further, despite the threat, Defendant has not physically harmed or taken physical action against Plaintiff Kevin Legendre.

22. Upon information and belief, at the time of making the aforementioned threat to Plaintiff Sherrie Legendre, Defendant had no intention of filing a lawsuit against Plaintiff Kevin Legendre for the Account or to take

- 4 -

physical action against him.

23. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff Kevin Legendre for the Account.

24. Upon information and belief, Defendant did not have authority to file a lawsuit against Plaintiff Kevin Legendre for the Account.

25. Upon information and belief, at the time of making the aforementioned threat to Plaintiff Sherrie Legendre, Defendant did not have any employees that were licensed to practice law in the State of New Hampshire.

26. Additionally, in its communications with Plaintiff Kevin Legendre, Defendant threatened to take him to Court if he did not make payment on the debt.

27. Defendant's representations to Plaintiff Kevin Legendre about taking "him to Court" if he did not pay the debt, had the effect of conveying to an unsophisticated consumer that an imminent lawsuit was to be filed against Plaintiff Kevin Legendre relative to the Account.

28. Again, Defendant has not filed a lawsuit against Plaintiff Kevin Legendre for the Account.

29. Once again, upon information and belief, Defendant had no intention of filing a lawsuit against Plaintiff Kevin Legendre for the Account.

30. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff Kevin Legendre for the Account.

31. Upon information and belief, Defendant did not have authority to file a lawsuit against Plaintiff Kevin Legendre for the Account.

32. Upon information and belief, Defendant did not have any employees that were licensed to practice law in the State of New Hampshire.

33. Defendant's actions in attempting to collect this alleged debt were abusive, harassing, deceptive and unfair.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**
**COUNT I**

34. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d, 1692d(1), and 1692d(5).

    a. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. Section 1692d(1) of the FDCPA prohibits the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

    c. Section 1692d(5) of the FDPCA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with intent to annoy, abuse, or harass any person at the called number.

d. Here, Defendant violated §§1692d, 1692d(1) and 1692d(5) of the FDCPA by calling Plaintiffs on their cellular telephone multiple times a day, several days each week, having the intent to annoy, abuse and harass Plaintiffs as wells as threatening to take physical action against Plaintiff Kevin Legendre.

## COUNT II

35. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

   a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

   b. A debt collector violates §1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

   c. A debt collector violates §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

   d. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or

attempt to collect any debt or to obtain information concerning a consumer.

e. Here, Defendant violated §§1692e, 1692e(2)(A), 1692e(5) and 1692e(10) of the FDCPA by representing that it had filed suit or intended to file suit against Plaintiff Kevin Legendre, when it did not intend to take such action.

## COUNT III

36. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

   a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including threatening physical harm towards Plaintiff Kevin Legendre.

WHEREFORE, Plaintiffs, KEVIN AND SHERRIE LEGENDRE, respectfully pray for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, KEVIN and SHERRIE LEGENDRE, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

PLAINTIFFS, KEVIN AND SHERRIE LEGENDRE

Date: March 12, 2013    By: */s/ Angela K. Troccoli*
    Angela K. Troccoli, Esquire
    Bar Id#18539
    Kimmel & Silverman, P.C.
    ***The New England Office***
    136 Main Street, Suite 301
    Danielson, CT 06239
    (860) 866-4380
    atroccoli@creditlaw.com